UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSEPH FORD, MELODY
KIRSCHMAN, and ANDREW PAUL,

        Plaintiffs,

                        CASE NO.:

vs.

ALL CLEAR RESTORATION &
REMEDIATION, LLC, a Florida Limited
Liability Company,

        Defendant.                        /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, JOSEPH FORD, MELODY KIRSCHMAN, and ANDREW PAUL (collectively "Plaintiffs") by and through the undersigned attorney, sues the Defendant, ALL CLEAR RESTORATION & REMEDIATION, LLC, a Florida Limited Liability Company, and alleges:

1. Plaintiffs were employees of Defendant and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiffs were employees who all worked at Defendant's property within the last three years in Santa Rosa Beach, Florida.

3. Plaintiff, JOSEPH FORD, worked for Defendant as an hourly paid employee at an hourly rate ranging from $18.00-$25.00 per hour depending on when he received raises.

4. Plaintiff, MELODY KIRSCHMAN, worked for Defendant as an hourly paid employee at an hourly rate of $25.00 per hour.

5. Plaintiff, ANDREW PAUL, worked for Defendant as an hourly paid employee at an

1

hourly rate of $30.00 per hour.

6. Plaintiffs, JOSEPH FORD and ANDREW PAUL, worked as laborers performing demolishing/clean-up services for Defendant.

7. Plaintiff, MELODY KIRSCHMAN, served as an Operations Manager overseeing laborers by assigning tasks to employees.

8. Plaintiff, MELODY KIRSCHMAN, did not set schedules for employees or make any hiring/firing decisions on behalf of Defendant.

9. At all times material to this cause of action, Plaintiffs were non-exempt employees and therefore entitled to overtime wages for any and all overtime hours worked.

10. Defendant, ALL CLEAR RESTORATION & REMEDIATION, LLC, is a Florida Limited Liability Company that operates and conducts business in Santa Rosa Beach, Florida and is therefore, within the jurisdiction of this Court.

11. Defendant, ALL CLEAR RESTORATION & REMEDIATION, LLC, operates in the structural and remediation industry. Defendant offers restoration services to structures damaged by fire, flood, and severe weather. Further, Defendant offers pre-disaster consultation services to customers. See www.AllClearRestoration.com/index.html

12. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

13. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

14. During Plaintiffs' employment with Defendant, Defendant, ALL CLEAR RESTORATION & REMEDIATION, LLC, earned more than $500,000.00 per year in gross sales.

15. Defendant, ALL CLEAR RESTORATION & REMEDIATION, LLC, employed

approximately one-hundred (100) employees and paid these employees plus earned a profit from their business.

16. During Plaintiff's employment, Defendant, ALL CLEAR RESTORATION & REMEDIATION, LLC, employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as hand tools, drills, trash bags, mold cleaner, shop-vacs, brooms/mops, and other tools/materials used to run the business.

17. Therefore, at all material times relevant to this action, Defendant, ALL CLEAR RESTORATION & REMEDIATION, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

18. Additionally, Plaintiffs were individually covered under the FLSA.

## **FLSA Violations**

19. At all times relevant to this action, Defendant failed to comply with the FLSA because Plaintiffs performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiffs for all overtime hours worked.

20. During his employment with Defendant, Plaintiffs were not paid time and one-half their hourly rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

21. Plaintiffs routinely worked in excess of forty (40) hours per week.

22. Specifically, Plaintiffs were paid their regular hourly rate for all hours, including overtime hours.

23. Defendant has a common policy and practice of compensating non-exempt employees only the regular rate for overtime hours worked.

24. Plaintiffs are entitled to the half-time premium for all hours worked in excess of

forty (40) per week.

25. Based upon these above policies, Defendant has violated the FLSA by failing to pay complete overtime pay.

26. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiffs are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

27. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-25 above as though stated fully herein.

28. Plaintiffs are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

29. During their employment with Defendant, Plaintiffs routinely worked overtime hours but were not paid time and one-half compensation for same.

30. Plaintiff were paid their regular rate of pay for all hours works regardless of how many overtime hours were worked in the workweek.

31. Defendant has failed provide accurate overtime compensation for numerous pay periods.

32. Defendant did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

33. The undersigned counsel has made efforts to resolve this matter without litigation however those efforts were unsuccessful.

34. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiffs time and one-half their regular rate of pay for each hour worked in excess of forty (40) per

work week in one or more work week, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

35. As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

36. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, JOSEPH FORD, MELODY KIRSCHMAN, and ANDREW PAUL demand judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this ___6___ day of May, 2019

Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:   (407) 420-1414
Facsimile:   (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff